CASE 3—PETITION ORDINARY—JUNE 3.

# Downing vs. Linville.

### APPEAL FROM FAYETTE CIRCUIT COURT.

The surety of the firm of D. & W. was also the surety of W. individually. The surety, having received funds belonging to the firm, had no right to apply these partnership funds, even by the direction of W., to the payment of W.'s individual debts, without the consent and agains[t] the wishes of D. (*Story on Partnerships*, 218.) Having thus misapplied the funds of the firm without the sanction of D., and having paid the firm debt with his own money, the surety will be held to have paid the partnership debt, as with the partnership funds.

KINKEAD & BUCKNER,                         For Appellant,

CITED—

12 *Peters*, 229, 232; *Rogers vs. Blatchford*.

1 *East. R.*, 48; *Sheriff vs. Wilks*.

2 *Kent's Commentaries*, side p. 43, and notes to sec. 133, on p. 222, 2d ed.

CHAS. EGINTON,                         For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant sued the appellee on a note executed by him to J. W. White for eight hundred and twenty-five dollars, due March 2, 1861, and assigned by White to the appellant. To this action the defendant pleaded, as a set-off, that, being the surety of said White and the plaintiff, who were partners in a note, dated the 10th day of August, 1860, payable to James Weathers four months thereafter, for two thousand nine hundred and thirty-two dollars and fifty cents, he, the defendant, was

obliged to pay, on the 9th of June, 1862, two thousand one hundred and twenty-one dollars and seventy-six cents, in discharge of a balance of said debt, whereby the plaintiff and White became jointly indebted to him in the sum so paid by him as their surety, which they had not repaid to him.

The appellant replied to the matter of set-off thus pleaded, admitting the alleged partnership between himself and White, and that the appellee was their surety in the debt to Weathers; but alleging, in avoidance of the defendant's claim, that himself and White owned two bills of exchange, drawn upon and accepted by Reuben Ragland, payable at the Merchants' Bank in Baltimore, dated 18th September, 1860, and due 11th and 13th January, 1861; one of them being for three thousand dollars, and the other for two thousand one hundred and eighty dollars; and that the plaintiff and his partner White left said bills with the defendant to collect, and use the proceeds, when collected, in paying off their debts, including said debt to Weathers; and that the defendant deposited the bills in the Northern Bank at Lexington for collection, and they were collected by the bank on the 15th of January, 1861; and that, instead of using the proceeds of said bills to pay off the debts of said firm, the defendant used them in paying a bill of exchange in which he was the surety of White, and in which the plaintiff was in no way interested. That said last named bill was drawn by the defendant on and accepted by said White, and indorsed by Jos. and W. E. McCann, and was dated July 25th, 1860, and due December 28th, 1860; and that the application of the proceeds of the bills on Ragland, so made by the defendant in payment of a debt in which the plaintiff was not interested, was without his knowl-

edge or consent, and in violation of his known wishes; and that, although the defendant had collected as aforesaid five thousand one hundred and eighty dollars of money belonging to the firm, he had only paid said sum of two thousand one hundred and twenty-one dollars and seventy-six cents of its debts. And these facts are pleaded in bar of the set-off claimed by the defendant.

On the trial of the case, it was, in substance, proved that the bills on Ragland were placed in the Northern Bank at Lexington for collection by the defendant, who stated at the time that they "had been sent to him from the South by J. W. White, of the firm of Downing & White, with instructions to leave them at the Northern Bank for collection, and to be applied, when collected," to the payment of said bill of White, which amounted to six thousand eight hundred and fifty dollars; and that the money, when collected, was so applied.

The court, at the defendant's instance, instructed the jury peremptorily to find for the defendant one half of the amount of his set-off, subject to the note sued upon in the petition; and a verdict and judgment were rendered for the defendant for one hundred and seventy-three dollars.

The sole question to be determined on this appeal is, whether the court erred in giving the peremptory instruction to the jury to find for the defendant.

The averments of the reply were, as we think, sufficient, if true, to defeat the set-off pleaded; and, as it appears that the acceptances of Ragland were partnership debts, belonging to the firm of Downing & White, and as such had come to the hands of the defendant, he had no right, even by direction of White, to apply their proceeds to the payment of White's individual debts,

without the consent and against the wishes of Downing. (*Story on Partnerships*, 218.)

In our opinion, therefore, it was a question to be determined by the jury, from the evidence, whether the appropriation made of the money was with the consent of the appellant or in accordance with any agreement or arrangement between him and White, or was subsequently ratified or sanctioned by him; and if it was not so made or ratified or sanctioned, the defendant should be held to have paid the two thousand one hundred and twenty-one dollars and seventy-six cents to Weathers, as with the proceeds of Ragland's acceptances theretofore received by him; and as the peremptory instruction given excluded the consideration of this question from the jury, it seems to us the court erred in giving it, and for that reason the motion for a new trial ought to have been sustained.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.